SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 2 4 2026

ARTHUR JOHNSTON
BY                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TASAYAH JOHNSON**                                                    **PLAINTIFF**

**VS.**                                          CIVIL ACTION NO. 3:26-cv-546-CWR-ASH

**GENOA HEALTHCARE, LLC d/b/a**
**GENOA PHARMACY and OPTUM**
**SERVICES, INC.**                                                      **DEFENDANTS**

### (JURY TRIAL DEMANDED)
### COMPLAINT
### JURISDICTION AND VENUE

1.      This is an action for declaratory relief, equitable relief of an injunction requiring the defendants to reinstate the plaintiff with full back wages and benefits, compensatory damages, punitive damages, and attorney fees and litigation expenses brought by the plaintiff, Tasayah Johnson, against the defendants, Genoa Healthcare, LLC d/b/a Genoa Pharmacy and Optum Services, Inc., pursuant to the Declaratory Judgment Act, 28 U. S. C. §§ 2201 and 2202, the Americans with Disabilities Act ("ADA"), 42 U. S. C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U. S. C. §§ 2000e and 2000k, and Mississippi state common law for negligence and gross negligence. The jurisdiction of this Court is invoked pursuant to 28 U. S. C. §§

1

1331, 2201, and 2202, 42 U. S. C. § 12117, 42 U. S. C. §§ 2000e, *et seq.*, and 28 U. S. C. §1367.

2.    The venue of this action is proper in the Northern Division of this Court pursuant to 28 U. S. C. §§ 1331 and 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

3.    The plaintiff, Tasayah Johnson, is an adult resident African-American female citizen of Copiah County, Mississippi.

4.    The defendant, Genoa Healthcare, LLC d/b/a Genoa Pharmacy, is a foreign limited liability company organized and formed under the laws of the State of Pennsylvania and having its principal place of business in the State of Washington. This defendant may be served with the process of the Court by serving its registered agent for service of process, United Agent Group, Inc., whose post office and street address is 7 Professional Parkway #101, Hattiesburg, Mississippi 39402.

5.    The defendant, Optum Services, Inc., is a foreign corporation organized and incorporated under the laws of the State of Delaware and having its principal place of business in the State of Minnesota. This defendant may be served with the process of this Court by serving its registered agent for service of process, United Agent Group, Inc., whose post office and street address is 7 Professional Parkway

2

#101, Hattiesburg, Mississippi 39402.

## FACTS

6.     The plaintiff, Tayasah Johnson, is an adult African-American female resident citizen of Copiah County, Mississippi.

7.     At all times relevant herein, the plaintiff, Tayasah Johnson, was a disabled person within the meaning of the ADA, 42 U. S. C. § 12102 entitled to the remedies provided by the ADA, 42 U. S. C. §12117.

8.     At all times relevant herein, the defendants, Genoa Healthcare, LLC d/b/a Genoa Pharmacy, and Optum Services, Inc., were all doing business in the Southern District of Mississippi as Genoa Pharmacy.

9.     The defendants, Genoa Healthcare, LLC d/b/a Genoa Pharmacy, and Optum Services, Inc., will be hereinafter referred to as "Genoa Pharmacy."

10.    At all times relevant herein, Genoa Pharmacy was a company that had a sufficient number of employs to qualify as an employer within the definition of employer as defined by Title VII, 42 U. S. C. § 2000e(b) and the ADA, 42 U. S. C. § 12111(5) such that it was covered by Title VII, 42 U. S. C. § 2000e, *et seq.*, and the ADA, 42 U. S. C. § 12101, *et seq.*

11.    The plaintiff is a person protected by the provisions of Title VII, 42 U. S. C. § 2000e, *et seq.*

3

12.    The plaintiff is a person protected by the provisions of the ADA, 42 U. S. C. § 12101, *et seq.*

13.    On or about May 23, 2025, the plaintiff was employed by Genoa Pharmacy as a Pharmacy Technician at the company's pharmacy store on Highway 80 in Jackson, Mississippi when her supervisor began to harass, intimidate, insult, disparage, and defame her.

14.    Beginning on or about May 23, 2025, plaintiff's supervisor made disparaging and defamatory remarks to the plaintiff, her co-workers, and customers at the pharmacy about plaintiff's hygiene.

15.    Beginning on or about May 23, 2025, plaintiff's supervisor made snatched items out of the plaintiff's hand in front of her co-workers and customers at the pharmacy.

16.    Beginning on or about May 23, 2025, plaintiff's supervisor locked plaintiff out of the pharmacy.

17.    Beginning on or about May 23, 2025, plaintiff's supervisor refused to allow the plaintiff to take a bathroom break during the workday.

18.    Beginning on or about May 23, 2025, plaintiff's supervisor began yelling at her in the presence of her co-workers and customers at the pharmacy.

19. The conduct by plaintiff's supervisor in disparaging and defaming her, snatching things out of her hand, locking her out of the pharmacy, refusing to allow her to take bathroom breaks, and yelling at her was constant and continuing throughout each workday the plaintiff was at work under her supervisor from May 23, 2025 until she was discharged on January 28, 2026.

20. The conduct and actions by plaintiff's supervisor in disparaging and defaming her, snatching things out of her hand, locking her out of the pharmacy, refusing to allow her to take bathroom breaks, and yelling at her were so severe, constant, and pervasive such that it caused plaintiff to suffer crying spells and become impaired in the performance of her major life activities such as manual tasks, sleeping, standing, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

21. The conduct and actions by plaintiff's supervisor in disparaging and defaming her, snatching things out of her hand, locking her out of the pharmacy, refusing to allow her to take bathroom breaks, and yelling at her were so severe, constant,, pervasive , and continuing throughout each workday the plaintiff was at work under her supervisor from May 23, 2025 until she was discharged on January 28, 2026.

22. The plaintiff's supervisor perceived that plaintiff had a physical and

mental disability as defined by 42 U. S. C. § 12101.

23.    The conduct by plaintiff's supervisor in disparaging and defaming her, snatching things out of her hand, locking her out of the pharmacy, refusing to allow her to take bathroom breaks, and yelling at her created a hostile work environment.

24.    The plaintiff reported the conduct of her supervisor to the company's Human Resources officer, and the company suspended plaintiff's supervisor for two weeks.

25.    After plaintiff's supervisor returned to work, she continued her unlawful, discriminatory against the handicapped, and wrongful conduct and actions against the plaintiff.

26.    The plaintiff was qualified for the position she held with Genoa Pharmacy.

27.    Genoa Pharmacy engaged in a pattern and practice of continuing discriminating against the plaintiff because of her disability and perceived disability, and the last date of discrimination against the plaintiff was January 28, 2026.

28.    Genoa Pharmacy terminated plaintiff's employment on January 28, 2026 without cause or an arguable or legitimate reason to terminate her.

29.    Genoa Pharmacy terminated plaintiff's employment on January 28, 2026 because of her disability and perceived disability.

6

30.    All of the actions and inactions of the defendants, collectively referred to as "Genoa Pharmacy," were intentional, deliberate, with reckless disregard for the rights of the plaintiff, negligent, and grossly negligent.

31.    The plaintiff filed a charge of disability discrimination and retaliation with the Equal Employment Opportunities Commission ("EEOC") on April 27, 2026. A true and correct redacted copy of plaintiff's EEOC Charge is attached hereto as Exhibit "A" and incorporated herein.

32.    The EEOC issued plaintiff a Notice of Right to Sue on Japril 30, 2026. A true and correct redacted copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

## CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION - ADA  (42 U. S. C. § 12101, et seq)

33.    The actions and inactions of the defendants, jointly and severally, as mentioned above, constitute unlawful employment discrimination in violation of rights secured to the plaintiff by 42 U. S. C. §§ 12101, *et seq.*

### COUNT II - DISABILITY DISCRIMINATION - TITLE VII (42 U. S. C. § 2000e)

34.    The actions and inactions of the defendants, jointly and severally, as mentioned above, constitute unlawful employment discrimination in violation of rights secured to the plaintiff by 42 U. S. C. §§ 2000e, *et seq.*

7

## COUNT III - NEGLIGENCE

35.    The actions and inactions of the defendants, jointly and severally, as mentioned above, constitute negligence.

## COUNT IV - GROSS NEGLIGENCE

36.    The actions and inactions of the defendants, jointly and severally, as mentioned above, constitute gross negligence.

## CAUSATION, INJURY, AND DAMAGES

37.    As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned above, the plaintiff has suffered a loss of income opportunity, loss wages and benefits and future wages and benefits, emotional distress, embarrassment and humiliation, and a loss of enjoyment of life, and the plaintiff has incurred attorney fees and court costs.

38.    The plaintiff seeks reinstatement with full back pay and benefits and an award for reasonable court costs, including attorney fees and litigation costs.

39.    The plaintiff seeks compensatory damages and punitive damages in a reasonable amount as determined by the finder of fact.

## DECLARATORY RELIEF

40.    The plaintiff, pursuant to 28 U. S. C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, requests the Court to grant her a declaratory judgment declaring that the

actions and inactions of the defendant violated rights secured to her by the ADA, 42 U. S. C. §§ 12101, *et seq.*

## INJUNCTIVE RELIEF

41.    The plaintiff, pursuant to the ADA, 42 U. S. C. §§ 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e, and Fed. R. Civ. P. 65, requests the Court to grant her a temporary restraining order, preliminary injunction, and permanent injunction ordering the defendant to hire the plaintiff with full back pay and benefits.

## JURY DEMANDED

42.    Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment of and from the defendant in the following form and amounts:

a.    A declaratory judgment declaring that the actions and inactions of the defendants violated rights secured to plaintiff by the ADA, 42 U. S. C. §§ 12101, *et seq.*

b.    A declaratory judgment declaring that the actions and inactions of the defendants violated rights secured to plaintiff by the ADA, 42 U. S. C. §§ 12101, *et seq.*

c.      A temporary restraining order, preliminary injunction, and permanent injunction ordering the defendants to hire the plaintiff with full back pay and benefits.

d.      A judgment awarding the plaintiff back pay and benefits and front pay and benefits.

e.      Compensatory damages in an amount to be determined by the trier of fact.

f.      Punitive damages in an amount to be determined by the trier of fact.

g.      Court costs including a reasonable attorneys' fee pursuant to the ADA the ADA, 42 U. S. C. §§ 12101, *et seq.* and Title VII, 42 U. S. C. §§ 2000e, *et seq.*

h.      And, general relief.

This the 24th day of July, 2026.

Respectfully submitted,
TASAYAH JOHNSON
PLAINTIFF

By:    /s/ Carroll Rhodes
CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MISSISSIPPI 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL:crhode@bellsouth.net

COUNSEL FOR THE PLAINTIFF